**Sam Saint VICTOR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72362.

INS No. A41–485–882.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2004.*

Decided March 10, 2004.

Michael J. Boyle, Law Offices Of Michael Boyle, North Haven, CT, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, David V. Bernal, Attorney, Ernesto H. Molina, Jr., DOJ–U.S. Department Of Justice, Washington, DC, for Respondent.

Before HALL and GRABER, Circuiut Judges, and WEINER,** Senior District Judge.

---

** The Honorable Charles R. Weiner, Senior Judge, United States District Court for the District of Eastern Pennsylvania, sitting by designation.

MEMORANDUM***

Petitioner Sam Saint Victor petitions for review of an order of the Board of Immigration Appeals summarily affirming the immigration judge's decision that Petitioner is subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) (conviction of an aggravated felony). In this court Petitioner challenges only the agency's determination that he fails to qualify as a non-citizen national within the meaning of 8 U.S.C. § 1101(a)(22).

1. In *Perdomo–Padilla v. Ashcroft*, 333 F.3d 964, 966 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1041, 157 L.Ed.2d 887 (2004), we held as a matter of law that, under the INA, "a person may become a national of the United States only through birth or naturalization." This holding forecloses Petitioner's argument that his filing of an application for naturalization at a time when he was eligible for naturalization made him a national of the United States. Petitioner did not complete the naturalization process and, therefore, is an alien who is subject to removal.

2. Petitioner argues that the BIA·violated 8 C.F.R. § 3.1(a)(7) by streamlining his appeal. However, when we have jurisdiction to review the merits of the immigration judge's decision, "an additional review of the streamlining decision itself [is] superfluous." *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

3. Petitioner does not challenge the classification of his past crime as an aggravated felony, nor does he challenge the

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

applicability of 8 U.S.C. § 1252(a)(2)(C) in the event that he is held to be an alien.

PETITION DISMISSED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.